OPINION
{¶ 1} Defendant-appellant Jeremy Hayes appeals his commitment to the Ohio Department of Youth Services by the Licking County Court of Common Pleas, Juvenile Division. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On December 27, 2004, the State of Ohio filed a complaint alleging appellant committed a series of burglaries, in violation of R.C. 2911.12(A)(3), a third degree felony. Appellant admitted the identified charge, and the trial court committed him to the custody of the Perry Multi-County Juvenile Detention Facility.
 {¶ 3} On May 11, 2005, the State filed a probation violation motion relative to appellant's stay at the Perry County facility. Specifically, the State alleged appellant violated the terms of the facility's treatment plan, regulations and rules. The motion alleged appellant was not amenable to rehabilitation or treatment under the previous court order. On June 14, 2005, appellant admitted to the violation. The magistrate accepted the admission and adjudged appellant a probation violator. On June 14, 2005, via Order, the magistrate committed appellant to the custody of the Ohio Department of Youth Services.
 {¶ 4} Appellant filed objections to the magistrate's decision, alleging the magistrate erred by entering the finding the juvenile is not amenable to rehabilitation or treatment in the community. On June 29, 2005, via Judgment Entry, the trial court denied appellant's objections, denied the request for a hearing, and approved and adopted the magistrate's decision.
 {¶ 5} Appellant now appeals the June 29, 2005 Judgment Entry, assigning as error:
 {¶ 6} "I. THE LOWER COURT'S COMMITMENT OF THE DEFENDANT JUVENILE, JEREMY HAYES, IS CONTRARY TO THE PUBLIC INTEREST AS IT PERTAINS TO MENTALLY ILL INDIVIDUALS."
 {¶ 7} Appellant asserts the trial court's committing him to the Ohio Department of Youth Services (hereinafter "ODYS") was against the manifest weight of the evidence.
 {¶ 8} Specifically, appellant cites the June 14, 2005 Report of Donna Layton, a clinical counselor for the trial court, finding appellant has a history of problematic behaviors and does not interact well with others. She further finds appellant functions within the borderline range of intellectual ability, and was recently diagnosed with depressive disorder NOS and Bi-Polar Disorder R/O. Layton's report concludes the Perry County Facility was not an appropriate treatment placement for appellant, and recommends appellant be placed in the Adriel Residential Treatment Facility, which provides a more individualized approach to the treatment of one's behavioral, cognitive, emotional and psychological needs.
 {¶ 9} Appellant argues the State did not present evidence to contravene the report relative to appellant's emotional and psychological state, nor the recommended treatment option. Therefore, appellant asserts the trial court's commitment of appellant to ODYS was against the manifest weight of the evidence.
 {¶ 10} Initially, we note, although appellant argues manifest weight of the evidence, our review is limited to whether the trial court abused its discretion in committing appellant to ODYS. A trial court's order of disposition in a juvenile case is a matter within the court's discretion. Therefore, in order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. State v. Jackson
(2005) 107 Ohio St.3d 53, citing State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 11} In the case sub judice, appellant admitted to committing a third-degree felony and was committed to the Perry Multi-County Juvenile Detention Facility. Appellant later admitted to violating the terms of his treatment, and the facilities rules and regulations.
 {¶ 12} Ohio Revised Code Section 2152.16 provides:
 {¶ 13} "2152.16 Commitment of delinquent children to custodyof youth services department
 {¶ 14} "(A)(1) If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult, the juvenile court may commit the child to the legal custody of the department of youth services for secure confinement as follows:
 {¶ 15} "* * *
 {¶ 16} "(e) For committing an act that would be a felony of the third, fourth, or fifth degree if committed by an adult or for a violation of division (A) of section 2923.211 of the Revised Code, for an indefinite term consisting of a minimum period of six months and a maximum period not to exceed the child's attainment of twenty-one years of age."
 {¶ 17} The trial court's June 28, 2005 Judgment Entry states:
 {¶ 18} "The juvenile states in his objections that the magistrate erred by entering the finding that the juvenile is not amenable to rehabilitation or treatment in the community. However, this objection contradicts or is inconsistent with the disposition the juvenile now asks that this Court make, i.e. placement at Adriel Residential Facility in West Liberty, Ohio. The Court notes with great significance that Adriel is not a local treatment facility. It is located in Logan County, south of Bellefontaine, Ohio and north of Urbana. Moreover, the juvenile cites no legal authority for the proposition that if the magistrate did commit error by entering a finding that the juvenile is not amenable to rehabilitation or treatment in the community, how that error constitutes reversible error.
 {¶ 19} "The essence of the remaining objection of the juvenile is that a more appropriate disposition [than commitment to the Ohio Department of Youth Services] would have been placement of the juvenile at Adriel, which is a private residential treatment center. The juvenile implicitly argues that commitment to this private residential treatment center (and more specifically, that agency's START Program) would be in the child's best interests, for Jeremy is an "at-risk youth" who comes from a chaotic home environment, and that a six to nine month stay at Adriel would be of great benefit to him.
 {¶ 20} "The juvenile's conclusions may be correct. It is quite possible that Jeremy Hayes might benefit from a six to nine month stay at Adriel. However, the financial costs of this proposed placement for a minimum of six months (as opposed to nine) would be between $41,000 and $50,000. Neither the Court nor Licking County has sufficient funds to pay for this proposed private placement. A majority of the youth who are on probation to this Court and who are subsequently committed to ODYS, may be considered "at-risk youth" who come from chaotic home environments and who also have mental health issues. The juvenile does not indicate in his pleading that he or his family have the financial resources to underwrite this proposed private placement.
 {¶ 21} "This Court DENIES the juvenile's objections. An oral hearing on the objections is unnecessary and therefore, the court DENIES the juvenile's request for an oral hearing. As a matter of law, the juvenile is not entitled to the relief which he requests in his objections. The Court approves the magistrate's decision and orders it entered of record as its own orders."
 {¶ 22} Upon review of the above, we find the trial court did not abuse its discretion in committing appellant to the Ohio Department of Youth Services. Appellant's commitment is authorized by R.C. 2152.16, and the trial court's stated rationale demonstrates the trial court's decision is not unreasonable, arbitrary or unconscionable.
 {¶ 23} The June 28, 2005 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the June 28, 2005 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.